# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW L. VALENTINE,
    Plaintiff,

    v.

JOSEPH M. LYNCH, *et al.*,
    Defendants.

:
:
:
:
:
:
:

**CIVIL ACTION NO. 18-4733**

FILED

NOV 26 2018

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**MCHUGH, J.**                                                    **NOVEMBER 26, 2018**

Plaintiff Andrew L. Valentine, a prisoner incarcerated at the Montgomery County Correctional Facility, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, based on allegations that Prime Care Medical, Inc. and some of its employees were deliberately indifferent to his serious medical needs. Valentine seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Valentine leave to proceed *in forma pauperis*, dismiss his Complaint, and give Valentine an opportunity to file an amended complaint.

## I.     FACTS

According to the Complaint, Valentine sustained injuries to his lower back in connection with his arrest on July 26, 2018. Valentine was taken to the hospital and received x-rays and medication for his injuries. On July 27, 2018, Valentine was incarcerated at the Montgomery County Correctional Facility. Valentine alleges that state police provided the intake nurse with a copy of his medical records and the intake nurse assured him that he would "be getting all his correct medication from the Hospital." (Compl. at 4, ¶ 13.)[1]

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

Valentine alleges that he did not receive medication until July 29, 2018 and that he received Motrin rather than the prescribed medication.[2] Valentine also alleges that he only received medication for ten days, even though he was still in pain. Accordingly, on August 8, 2018, Valentine began submitting sick-call requests asking to be seen for pain in his lower back and/or for muscle spasms.

It appears that Valentine had knee surgery at some point prior to his incarceration. On September 10, 2018, Valentine "reinjured his left knee," which caused him difficulty walking. (*Id.* at 5, ¶ 16.) Valentine informed a correctional officer about his injury and was told to submit a "sick-call slip." (*Id.* at 5, ¶ 17.)

Valentine "continued to file sick-call requests slips, continued to spe[a]k to the medication nurses regarding the pain he was having and the problem he was having walking and still got no help from anyone from PrimeCare Medical." (*Id.* at 5, ¶ 18.) On October 12, 2018, Valentine filed a grievance, which sought an M.R.I., an x-ray, pain medication, a visit with a doctor, and a cane for ambulation.

Three days later, Valentine was seen by a Nurse Practitioner, Sung Kin, who told Valentine she was a doctor, informed Valentine that he does not need medication, and declined to order a M.R.I. She also denied Valentine a cane, allegedly because he "is on medium security" even though another inmate on Valentine's cell block uses a walker to ambulate. (*Id.* at 5, ¶ 21.) However, Kin ordered Motrin and an x-ray for Valentine's knee.

On the same day, Valentine met with Joseph Lynch, the head of the Medical Department at the Montgomery County Correctional Facility, about his grievance. It is not clear from the

---

[2] The Complaint does not indicate what medication or medications Valentine was prescribed at the hospital.

Complaint what they discussed, but Valentine indicates that he "signed the Grievance Response." (*Id.* at 5, ¶ 22.) Valentine appears to take issue with the fact that Lynch did not provide him with a copy of the signed grievance response.

The next day, October 16, 2018, Valentine received an x-ray of his left knee; he still, however, has not been informed of the result of that x-ray. Valentine appealed his grievance on October 17, 2018, seeking "an M.R.I.; a cane to walk; pain medication; and to be seen by a knee Doctor." (*Id.* at 5-6, ¶ 25.) It is not clear whether Valentine received a response to the grievance at the time he filed this civil action, but he filed a new grievance on October 23, 2018 "regarding not receiving his copies of the First Grievance Response and the same issues." (*Id.* at 6 ¶ 26.) Two days later, on October 25, 2018, Valentine saw Doctor Cohan, who "allegedly Ordered an M.R.I . . . [and] a Cane for [Valentine] and some new Medication." (*Id.* at 5, ¶ 27.)

Valentine contends that he has "been in constant pain since July 26, 2018" as a result of the injuries he sustained in the course of his arrest, and that he "told PrimeCare Medical numerous times via sick-call slip and telling the medication nurses but no one cared." (*Id.* at 6, ¶ 28.) Valentine also alleges that he has been having a hard time walking since he reinjured his left knee.

Based on those allegations, Valentine filed this lawsuit on October 29, 2018,[3] against Joseph Lynch, Nurse Plummer, Nurse Cludette Fluster, Nurse Joy Faith, Nurse Thomas, Doctor Cohan, Sung Kin, and PrimeCare Medical, Inc. He primarily contends that the Defendants were

---

[3] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curiam). It is not clear when Valentine handed his Complaint to prison authorities for mailing, but it is dated October 29, 2018.

3

deliberately indifferent to his serious medical needs. Valentine seeks damages, an injunction directing PrimeCare Medical to provide a more experienced doctor and/or treatment for his knee, and other miscellaneous relief.

## II.    STANDARD OF REVIEW

The Court grants Valentine leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Valentine is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court understands Valentine to be pursuing constitutional claims based on deliberate indifference to his medical needs as well as a claim based on Lynch's failure to provide a copy of

---

[4] However, as Valentine is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

the grievance response that Valentine signed. However, Valentine has not stated a § 1983 claim against the Defendants for the following reasons.

## A. Claims Against Lynch

As noted above, the Court understands Valentine to be pursuing a claim against Lynch based on Lynch's failure to provide Valentine with a copy of the grievance response he signed on October 15, 2018. However, "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, Valentine cannot state a claim based on the manner that Lynch handled his grievances. If Valentine intended to pursue other claims against Lynch, those claims are not clearly pled in the Complaint, so Valentine may not proceed on any such claims at this time.

## B. Claims Against Nurse Plummer, Nurse Cludette Fluster, Nurse Joy Faith, Nurse Thomas, and Doctor Cohan

To state a § 1983 claim based on failures in medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).[5] A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or

---

[5] As Valentine's Complaint suggests that he was a pretrial detainee at the time of the events giving rise to his claims, the Fourteenth Amendment is the proper vehicle for his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (explaining that the Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims of deliberate indifference to medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam).

safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

"Where prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official '(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)); *see also Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (per curiam) ("Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need."). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable . . . ." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted).

Here, Valentine has not raised any specific allegations against Nurse Plummer, Nurse Cludette Fluster, Nurse Joy Faith, or Nurse Thomas. As it is not clear what these Defendants did or did not do in connection with the events giving rise to Valentine's claims, Valentine has not stated a claim against them. Valentine's only allegation against Doctor Cohan is that the Doctor saw Valentine on October 25, 2018 and "allegedly Ordered an M.R.I . . . [and] a Cane for [Valentine] and some new Medication." (Compl. at 5, ¶ 27.) That allegation suggests that the Doctor ordered items that Valentine requested; it does not support a plausible claim against the Doctor for any constitutional violation. As Valentine's allegations do not support a plausible

claim for deliberate indifference against any of those Defendants, the Court must dismiss the claims against them.

### C. Claims Against Sung Kin

Valentine also has not stated a deliberate indifference claim against Sung Kin. Valentine alleges that he saw Kin three days after injuring his knee. Kin allegedly informed Valentine that he does not need medication, declined to order a M.R.I., and denied Valentine a cane. However, she did order Motrin and an x-ray for Valentine's knee. As it is apparent that Kin provided medical treatment—albeit treatment with which Valentine disagreed—this claim sounds more in a disagreement with Kin's treatment decisions, or at most negligence, rather than deliberate indifference. *See Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (per curiam) ("Foye's disagreement about his course of treatment, namely, that an MRI or consult should have been ordered, does not demonstrate that the Medical Defendants were deliberately indifferent to his medical needs."); *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam) ("Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment.'" (quoting *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)). Accordingly, the Complaint does not state a claim against Kin as pled.

### D. Claims Against Prime Care Medical Inc.

Valentine also has not stated a claim against Prime Care. A private corporation under contract to provide prison health services may be liable under § 1983 if that entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir.

2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

Here, Valentine has not clearly tied the claimed constitutional violation to a policy or custom of Prime Care. Accordingly, the Court must dismiss this claim as well. *See Folk v. Prime Care Med.*, No. 18-1352, 2018 WL 3359675, at *2 (3d Cir. July 10, 2018) ("[T]he District Court correctly concluded that Folk could not state a claim against the City of Harrisburg, Dauphin County Prison, Perry County Prison, the Perry County Prison Board, or PrimeCare because he did not allege that any constitutional violation stemmed from a policy or custom of any of these entities.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Valentine's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Valentine an opportunity to file an amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can cure the defects in his claims.

**BY THE COURT:**

**GERALD A. MCHUGH, J.**