# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW LEWIS VALENTINE, | : | |
|     Plaintiff | : | CIVIL ACTION |
| v. | : | No. 18-cv-4733 |
| | : | |
| JOSEPH M. LYNCH, *et al.*, | : | |
|     Defendants | : | |

**McHUGH, J.**                                                                                                                                                                            **June 4, 2019**

## MEMORANDUM

      This is a case brought by a pre-trial detainee alleging inadequate medical treatment while in custody. Plaintiff Andrew L. Valentine, a prisoner incarcerated at the Bucks County Correctional Facility, filed this *pro se* civil action under 42 U.S.C. § 1983, based on allegations that PrimeCare Medical, Inc. and several of its employees were deliberately indifferent to his serious medical needs. In a Memorandum and Order entered on the docket November 28, 2018, I dismissed Mr. Valentine's Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), ECF Nos. 6 & 7. I gave Mr. Valentine leave to file an amended complaint.

      On December 26, 2018, the Court received Mr. Valentine's Amended complaint and Motion for Appointment of Counsel. In a Memorandum and Order entered on the docket January 9, 2019, I dismissed Mr. Valentine's Amended Complaint without prejudice for failure to state a claim and denied his motion for counsel. ECF Nos. 11 & 12.

      On February 4, 2019, the Court received a Second Amended Complaint naming the same Defendants and raising nearly identical claims without any additional facts to substantiate Mr.

Valentine's claims. Defendants again move to dismiss. For the reasons that follow, I dismiss Mr. Valentine's Second Amended Complaint—this time with prejudice.

I.      **Factual and Procedural History**

According to Mr. Valentine's initial Complaint, he sustained injuries to his lower back in connection with his arrest on July 26, 2018.[1] He was taken to the hospital and received x-rays and medication for his injuries. On July 27, 2018, Mr. Valentine was incarcerated at the Montgomery County Correctional Facility. He alleged that state police provided the intake nurse with a copy of his medical records and the intake nurse assured him that he would "be getting all his correct medication from the Hospital." Compl. at 4, ¶ 13.

Mr. Valentine alleged that he did not receive medication until July 29, 2018 and that he received Motrin rather than the prescribed medication.[2] Mr. Valentine also alleged that he only received medication for ten days, even though he was still in pain. Accordingly, on August 8, 2018, Mr. Valentine began submitting sick-call requests asking to be seen for pain in his lower back and/or for muscle spasms.

It appears Mr. Valentine had knee surgery at some point prior to his incarceration. On September 10, 2018, Mr. Valentine "reinjured his left knee," which caused him difficulty walking. *Id.* at 5 ¶ 16. Mr. Valentine informed a correctional officer about his injury and was told to submit a "sick-call slip." *Id.* at 5 ¶ 17.

Mr. Valentine "continued to file sick-call requests slips, continued to spe[a]k to the medication nurses regarding the pain he was having and the problem he was having walking and

---

[1] The facts are taken from Mr. Valentine's various pleadings in this case. Although I instructed him in my January 9, 2019 memorandum to "include all the relevant facts" in his Second Amended Complaint, he failed to comply with that Court order. I therefore construe his pleadings liberally and consider all his statements in the various complaints as admissions to the Court.
[2] The Complaint did not indicate what medication or medications Mr. Valentine was prescribed at the hospital.

still got no help from anyone from PrimeCare Medical." *Id.* at 5 ¶ 18. On October 12, 2018, Mr. Valentine filed a grievance, which sought an M.R.I., an x-ray, pain medication, a visit with a doctor, and a cane for ambulation.

The next day, October 16, 2018, Mr. Valentine received an x-ray of his left knee. Mr. Valentine appealed his grievance on October 17, 2018, seeking "an MRI; a cane to walk; pain medication; and to be seen by a knee Doctor." *Id.* at 5-6 ¶ 25. Mr. Valentine was ultimately provided an X-ray, an MRI, a cane, and at least one session with a physical therapist who gave Mr. Valentine a set of exercises he could do in his cell. Second Am. Compl. 16, ECF No. 13 ("I have received a M.R.I., x-ray, 1 visit to the physical therapy"); *id.* at 19 ("I was given a cane").

Based on those allegations, Mr. Valentine filed this lawsuit on October 29, 2018, against Defendants here—doctors and nurses involved in his care and PrimeCare Medical, Inc. He contends that Defendants were deliberately indifferent to his serious medical needs and seeks damages and an injunction directing PrimeCare Medical to provide different treatment to him. Defendants filed a motion to dismiss.

On May 1, 2019, Mr. Valentine notified the Court that he would be moved to the Bucks County Correctional Facility. An inmate locator tool at that facility confirms that Mr. Valentine has indeed been moved there.

## II. Standard of Review

Because Mr. Valentine is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies which requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Motions to dismiss under Fed.

R. Civ. P. 12(b)(6) are governed by the well-established standard set forth in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

**III. Discussion**

Mr. Valentine attempts to state a claim under § 1983 based on purported failures in the medical treatment provided him. Because Mr. Valentine was a pretrial detainee, the Fourteenth Amendment provides the controlling standard, but for practical purposes the standard is the same as under the Eighth Amendment. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). To state a § 1983 claim based on failures in medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. Where prison officials know of the prisoner's serious medical need, deliberate indifference is found where the official "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (internal citation omitted).

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse*, 182 F.3d at 197. Nor does mere disagreement regarding proper medical treatment establish a constitutional violation. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (internal citation omitted). That is because the deliberate indifference "test affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients." *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (1979). "Courts will 'disavow any attempt to second-guess the

propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment.'" *Id.* (*quoting Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).

It is clear that medical treatment was provided to Mr. Valentine even though it may have been treatment with which he disagreed. Defendants did not simply refuse to provide medical treatment. Instead, as Mr. Valentine concedes in his Second Amended Complaint, Defendants provided pain medication, an X-ray, an MRI, a cane, and at least one session with a physical therapist who gave Mr. Valentine a set of exercises he could do in his cell. Second Am. Compl. 11, ECF No. 13 (noting that a nurse provided Mr. Valentine with Motrin); *id.* at 16 ("I have received a M.R.I., x-ray, 1 visit to the physical therapy"); *id.* at 19 ("I was given a cane"). Mr. Valentine does not plead that Defendants delayed necessary medical treatment based on a non-medical reason or that Defendants prevented him from receiving needed or recommended medical treatment. Consequently, he fails to properly plead under the deliberate indifference standard outlined in *Rouse*.

Mr. Valentine arrived at the prison on July 27 and received medication for pain on July 29. Given the nature of his medical condition, I cannot say that this delay rises to the level of a constitutional violation. Although Mr. Valentine alleges that Defendants failed to provide him the exact medications prescribed by the hospital, this allegation sets forth a disagreement about the mode of treatment, not a denial of treatment. The Court takes judicial notice that a common feature of medical practice is the provision of substitute or generic medications. A current caregiver can change the regimen for a variety of medically appropriate reasons, and the fact that a change was made does not, by itself, imply malpractice, let alone deliberate indifference.

At most, Mr. Valentine's claims challenging the adequacy—not denial—of medical treatment sound in negligence. But claims of negligence or medical malpractice do not amount

to a constitutional violation. *Rouse*, 182 F.3d at 197. Even if they did, his Complaints are construed to assert state law malpractice claims. And Mr. Valentine has failed to file the requisite state law Certificate of Merit to substantiate this cause of action.

Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff to file a Certificate of Merit in any professional negligence action for each defendant within sixty (60) days of the filing of the complaint. The Rule represents substantive state law that must be applied by a federal court. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011). The Certificate must be signed by the party or an attorney and certify that either:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about [] the harm, or
> . . .
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> . . .
> (3) expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim.

Pa. R. Civ. P. 1042.3(a).

Mr. Valentine has neither filed such a Certificate nor sought an extension. Failure to do so requires dismissal and a judgment of non-prosecution in favor of Defendants unless Mr. Valentine can show "reasonable excuse" for the noncompliance. Pa. R. Civ. P. 1042.3;1042.6; *Womer v. Hilliker*, 908 A.2d 269, 282 (2006). A pro se litigant's ignorance or mistaken assumptions about the requirements of Rule 1042.3 cannot serve as a reasonable excuse. *Hoover v. Davila,* 862 A.2d 591, 595–96 (Pa. Super. Ct. 2004). And Mr. Valentine has offered no other excuse. Defendants must provide notice before seeking dismissal for failing to file a Certificate of Merit, and thirty (30) days must have "elapsed between the notice of deficiency and the

6

defendant's attempt to terminate the action." *Schmigel v. Uchal*, 800 F.3d 113, 118 (3d Cir. 2015). Defendants filed their notice on March 28, 2019 and then supplemented their motion seeking dismissal on May 14, 2019, forty-seven (47) days later. Because Defendants have complied with the requirements imposed on them by the Rule and Mr. Valentine has not, any state law claims of medical malpractice must be dismissed.

Mr. Valentine's claims against Defendant PrimeCare also fail because he, even in this third version of his Complaint, fails to identify a policy or custom causing the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale*, 318 F.3d at 583-84. A plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

Finally, Mr. Valentine's retaliation claim also fails. To establish a retaliation claim, a prisoner must show: (1) that he was engaged in a constitutionally protected activity; (2) that he suffered some adverse action at the hands of the prison officials; and (3) that the protected conduct was a substantial or motivating factor in the prison officials' decision to take the adverse action. *Rauser*, 241 F.3d at 333 (3d Cir. 2001) (internal citations omitted). As I stated previously in the memorandum dismissing Mr. Valentine's First Amended Complaint, Mr. Valentine has never elaborated on his allegations that he has been retaliated against. He states only that "doctor cohan still will not help andrew lewis valentine because of him filing a 1983 suit on prime care medical." Second Am. Compl. 8. A conclusory allegation of this type does not suffice in the absence of facts, to include some specificity as to when requests were made, how they were communicated, and the physician's response. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**IV. Conclusion**

For the foregoing reasons, I dismiss Plaintiff's Second Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Given that Plaintiff has twice been granted leave to amend his complaint, dismissal with prejudice is appropriate.

    /s/ Gerald Austin McHugh
Gerald Austin McHugh
United States District Judge